UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS DEON GREEN,

    Petitioner,

    v.

NICK J. LUDWICK,

    Respondent.

_____/

CASE NO. 07-CV-10828

HON. GEORGE CARAM STEEH

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, (#15) AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Darius Deon Green, a prisoner currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, was convicted of second degree murder, receiving a stolen vehicle, and third degree fleeing and eluding, following a jury trial in the Wayne County Circuit Court. On February 23, 2007, after exhausting his appeals in the state court system, petitioner filed this *pro se* application for a writ of habeas corpus. As grounds for the writ of habeas corpus, petitioner raises the same three claims he raised in the state courts. Respondent filed an answer and petitioner filed a response brief. On April 14, 2009, the Magistrate Judge filed a report and recommendation. Petitioner filed his objections on April 28, 2009. For the reasons set forth below, the court finds that petitioner's objections lack merit and therefore adopts the Report and Recommendation of the magistrate in its entirety and denies petitioner's writ of habeas corpus.

Petitioner first claims that he is entitled to reversal of his criminal convictions and

a new trial in light of the cumulative effect of the prosecutor's misconduct in denying him a fair trial. The prosecutor's language in this case may have been somewhat emotional in appealing to the jury's sympathy for the victim, but the prosecutor did not ask the jury to convict out of sympathy for the victim. The Court adopts the analysis applied by the Magistrate Judge.

Petitioner next contends that he was denied a fair trial because the trial court failed to give a *sua sponte* instruction on evaluating accomplice testimony. Habeas corpus is not available to remedy a state court's error in the application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). In order for habeas corpus relief to be warranted on the basis of incorrect jury instructions, a petitioner must show that, taken as a whole, the instructions are so infirm that they render the entire trial fundamentally unfair. See id. The court of appeals concluded that an accomplice witness instruction was not appropriate because there was no evidence that Brown was an accomplice to the crime. In addition, the trial court did give a general instruction that the jury is to determine the credibility of all witnesses. Petitioner is not entitled to habeas relief on this claim.

Finally, petitioner contends his counsel was ineffective for failing to request an accomplice witness instruction. To establish the ineffective assistance of counsel, a petitioner must prove that (1) counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense and deprived the petitioner of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). As noted above, the court of appeals determined that an accomplice witness instruction was not warranted under

state law because there was no evidence that Brown was an accomplice to the crimes committed by petitioner. Counsel cannot be deemed ineffective for failing to request an instruction which was not appropriate under state law. Mitzel v. Tate, 267 F.3d 524, 538 (6th Cir. 2001). In addition, petitioner cannot show that he was prejudiced by the absence of an accomplice witness instruction where defense counsel extensively cross-examined Brown and challenged his credibility during closing argument, and the trial court gave a general instruction on witness credibility.

      For the reasons stated above, the court hereby ACCEPTS and ADOPTS the Magistrate's report and recommendation as its findings and conclusions in this matter. Petitioner's application for writ of habeas corpus is DENIED.

      In the event that petitioner appeals this order, he must obtain a certificate of appealability. The Court may issue a certificate of appealability if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court finds that petitioner has not made a substantial showing of the denial of a federal right. Therefore, the Court hereby finds that a certificate of appealability is not warranted.

      SO ORDERED.

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 10, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk